```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,                      :
                                               :
            v.                                 :    **MEMORANDUM & ORDER**
                                               :    19-CR-484 (WFK)
DARIN KELLY,                                   :
                                               :
                    Defendant.                 :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Darin Kelly ("Defendant") pled guilty to both counts of an information: (1) Willful Failure to Collect and Pay Over Employment Tax in violation of 26 U.S.C. § 7202; and (2) Tax Evasion in violation of 26 U.S.C. § 7201. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is sentenced to twenty-four (24) months of incarceration followed by three (3) years of supervised release.

## BACKGROUND

On March 4, 2020, Defendant waived his right to an indictment and consented to prosecution by information. That same day—and pursuant to a plea agreement—Defendant pled guilty to both counts of the information: (1) Willful Failure to Collect and Pay Over Employment Tax in violation of 26 U.S.C. § 7202; and (2) Tax Evasion in violation of 26 U.S.C. § 7201. The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I.  Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

**II.     Analysis**

**A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

a.     Family and Personal Background

Defendant was born Darin Joseph Kelly on March 9, 1966, in Bronx, New York, to the marital union of James Kelly and Theresa Kelly. Presentence Investigation Report ("PSR"), ECF No. 11, ¶ 30. Defendant's parents resided together in Whitestone, New York until his mother passed away at the age of 74. *Id.* Prior to her death, Defendant's mother worked as a seamstress. *Id.* Defendant had a very close relationship with his mother. *Id.*

Defendant's father, age 87, resides in Whitestone, New York, and is a retired copy machine technician. *Id.* He is reportedly disabled due to back problems and was diagnosed with

2

cancer approximately twelve years ago, but has made a full recovery. *Id.* Defendant no longer shares a close relationship with his father. *Id.*

Defendant has one foster brother, David Patrick (age 54), who was taken in by Defendant's parents when he was six years old. *Id.* Mr. Patrick resides in Whitestone, New York, with Defendant's father, is employed as a heating, ventilation, and air conditioning technician, and is in good physical health. *Id.* Defendant advised that he shares a close relationship with his foster brother, who is aware of the instant offense of conviction and remains supportive. *Id.*

Defendant reported a normal and healthy childhood, free from any abuse. *Id.* Defendant was raised under low-income circumstances in Queens, New York. *Id.* Defendant married Andrea Kaplan (age 58) in Jamaica in 1994, but he is unsure if the marriage was properly filed in the United States and is unsure if there is a record of the marriage. *Id.* ¶ 32. Ms. Kaplan resides in Howard Beach, New York, is employed as a customer service representative at a grocery store and is believed to be in good health. *Id.* Defendant and Ms. Kaplan separated due to his arrest for the instant offense of conviction. *Id.* However, they shared a good relationship prior to his arrest. *Id.* Their marriage produced two children, Brandon Kelly (age 23) and Jesse Kelly (age 22). *Id.* Defendant's children are in good health and are both employed at the same grocery store as their mother. *Id.* Ms. Kaplan and Defendant's children are aware of the instant offense of conviction. *Id.* Defendant is currently estranged from his wife and children. *Id.*

Additionally, from 1989 to 1993, Defendant was married to Allison Kazokas-Kelly (age 50). *Id.* ¶ 33. Ms. Kazokas-Kelly resides in Queens, New York, is employed as a medical secretary for Northwell Hospital, and is in good physical health. *Id.* Their marriage produced one child, Nicole Kelly (age 28). Ms. Kelly resides in Tennessee with her one-year-old son, is

unemployed and is in good health. *Id.* Both Defendant's ex-wife and daughter are aware of the instant offense of conviction and remain supportive. *Id.*

    b. <u>Defendant's Physical Condition</u>

 Defendant is in relatively poor physical condition. *Id.* Defendant reported that he was diagnosed with type 2 diabetes approximately 7 years ago and is prescribed Januvia (anti-diabetic medication). *Id.* ¶ 36. Additionally, Defendant has had knee surgery in the past and might require knee replacement in the future to address lingering pain. *Id.* Defendant has no history of mental or emotional health concerns, *id.* ¶ 37, nor does he have a history of substance abuse. *Id.* ¶ 38.

    c. <u>Legal History, Nature of Offense</u>

 Defendant is the sole owner of the Kelly Group Construction Corp. ("KGC"). *Id.* ¶ 1. As such, Defendant had the duty to collect, truthfully account for, and pay over to the Internal Revenue Service ("IRS") Federal Insurance Contributions Act ("FICA") taxes from the total taxable wages of employees. *Id.* Between 2013 and 2016, Defendant failed to collect, account for and pay over to the IRS FICA taxes for employees of KGC. *Id.* ¶ 4. Specifically, Defendant failed to file Employer's Quarterly Tax Returns (Form 941) for some quarters, and in other quarters, Defendant falsely filed Forms 941 by stating that he was the only employee of the business. *Id.* Defendant employed several employees who were paid in excess of $1.3 million in cash between 2013 and 2016. *Id.* By doing so, he failed to pay a total of $105,046.47 in FICA taxes owed on behalf of his business, as well as a total of $105,046.47 in taxes owed on behalf of KGC employees, for a total of $210,093.94 in tax losses suffered by the IRS. *Id.* Additionally, between tax years 2012 and 2016, Defendant engaged in a scheme to evade personal income taxes. *Id.* ¶ 7. As part of the scheme, Defendant cashed approximately $4.6 million in checks

4

for KGC's services at a check casher and failed to report the cash on the company's corporate tax returns. *Id*. Defendant used the cash to pay employees, pay business expenses, and to fund his personal and family expenses. *Id*. These expenses were not reported on Defendant's personal tax returns and as a result, he failed to report approximately $1.7 million of personal income on his joint returns between 2012 and 2016, causing a tax loss of $489,330.00. *Id*.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The instant sentence adequately punishes Defendant for his crime and provides both general and specific deterrence. As noted by the Probation Department, the "defendant deflected blame onto his wife, who he stated, 'handled the books' for his company, which clearly minimized his conduct in the instant offense and displays a general lack of understanding of the seriousness of the offense." U.S. Probation Department Sentence Recommendation at 2–3, ECF No. 11. Additionally, Defendant will likely remain self-employed after his sentence, creating the potential to continue evading taxes. *Id*. Accordingly, this sentence furthers specific deterrence, while also warning others against engaging in similar conduct.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

On March 4, 2020, Defendant pled guilty to both counts of the information: (1) Willful Failure to Collect and Pay Over Employment Tax in violation of 26 U.S.C. § 7202; and (2) Tax Evasion in violation of 26 U.S.C. § 7201.

The maximum term of imprisonment is five (5) years on each count. 26 U.S.C. §§ 7201, 7202. Additionally, the Court may impose a term of supervised release of not more than three (3) years on each count. 18 U.S.C. § 3583(b)(2). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e). Defendant is eligible for not less than one (1) nor more than five (5) years of probation on each count. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

The maximum fine is $250,000.00 on each count, 18 U.S.C. § 3571(b), along with a mandatory special assessment of $100.00, 18 U.S.C. § 3013, per count. Defendant may also be required to pay the costs of prosecution. United States Sentencing Commission, Guidelines Manual ("USSG") § 5E1.5.

**D. The Sentencing Range Established for Defendant's Offenses**

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

The applicable guideline for theses offenses is USSG §2T1.1, which directs that the base offense level is established from the tax table in USSG §2T4.1 corresponding to the tax loss. USSG 2T1.1(a)(1). Defendant is accountable for a total tax loss of $699,423.94 ($210,093.94 on Count 1 and $489,330.00 on Count 2), which results in a base offense level of 20. However, because Defendant demonstrated acceptance of responsibility in a timely manner, a reduction of

6

three (3) levels is appropriate pursuant to guidelines section 3e1.1(a) and (b). Accordingly, the resulting offense level is 17.

In the instant case, the Sentencing Guidelines range suggests a term of imprisonment of 24 to 30 months. Defense counsel recommends a below guidelines sentence of two years home confinement, noting that, "[g]iven Mr. Kelly's underlying health conditions as well as his ongoing compliance with the terms and conditions of his pre-trial release, we respectfully submit that a custodial sentence of this particular defendant may prove unduly harsh and far more harmful than warranted." Def. Mem. at 12–13, ECF No. 12.

The Government recommends a Guidelines sentence of 24 to 30 months imprisonment. Gov't Mem. at 2–3, ECF No. 20. While the Government acknowledges Defendant's compliance with the instant investigation, they note that Defendant has failed to amend his personal tax returns or make any payments on past due taxes. *Id.*

Probation recommends a sentence of 24 months custody, followed by 2 years supervised release and an Order of Restitution in the amount of $210,093.94 on Count 1, and $489,330.00 on Count 2, due immediately and payable at a rate of 10% of gross income while on supervised release. U.S. Probation Department Sentence Recommendation at 2–3, ECF No. 11. Additionally, Probation did not recommend a fine as it does not appear Defendant has the ability to pay. *Id.*

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not pertinent to Defendant's sentencing.

7

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The IRS is the sole victim of the instant offense. PSR ¶ 7. Pursuant to 18 U.S.C. § 3663(a)(3), restitution may be ordered to the extent agreed to by the parties in a plea agreement. As stipulated in the plea agreement, Defendant is accountable for restitution, owed to the Internal Revenue Service, in the amounts of $210,093.94 (Count 1) and $489,330.00 (Count 2). Plea Agreement ¶ 1, ECF No. 10.

### CONCLUSION

A sentence of twenty-four (24) months of incarceration followed by three (3) years of supervised release is appropriate and comports with the dictates of § 3553. The Court imposes no fine, but does impose the mandatory special assessment of $100.00, 18 U.S.C. § 3013, per count. This sentence is consistent with and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein. The Court directs Defendant to voluntarily surrender on September 9, 2021, the location to be ascertained by the Government and communicated to Defendant and his counsel.

**SO ORDERED.**

_____s/ WFK_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2021
      Brooklyn, New York